IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | ) Criminal No. 18-62 |
| | ) Judge Nora Barry Fischer |
| LEWIS LAMONT JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Presently before the Court are Defendant Lewis Lamont Johnson's Motion for Compassionate Release, (Docket No. 69), the Government's Response in opposition (Docket No. 75), Defendant's reply (Docket No. 77), and the Government's sur-reply (Docket No. 79). Defendant's motion is further supported by additional evidence, including medical records and other relevant documents. (*See generally* Docket No. 73; Docket No. 74). Defendant seeks to reduce the 72-month sentence imposed by this Court to time served based on his medical conditions and the risks posed by the COVID-19 pandemic, including the spread of same, within correctional institutions. (Docket No. 69). The Government counters that compassionate release is not warranted because Defendant has not presented an extraordinary and compelling reason for release, and that the § 3553(a) factors otherwise do not justify a reduction in his sentence for the very serious criminal charges at issue in this case. (Docket No. 75). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [69] is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

**II. BACKGROUND**

1

Defendant was charged in a three-count indictment on March 13, 2018. (Docket No. 16). On August 30, 2018, Defendant pled guilty pursuant to a plea agreement to a lesser included offense at Count 1 of that indictment, namely, Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or more of Fentanyl and a quantity of Acetyl Fentanyl in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(B)(vi). (Docket No. 38). Due to the amount of drugs involved, Defendant faced a mandatory minimum of 60 months' incarceration. *See* 21 U.S.C. § 841(b)(1)(B)(vi). On January 10, 2019, the Court held a sentencing hearing, at which the Court carefully examined the 18 U.S.C. § 3553(a) factors, and imposed a sentence of 72 months' imprisonment to be followed by a term of supervise release. (Docket No. 58). The 72-month sentence represented a variance from the advisory guideline range of 97 to 121 months and accounted for the 60-month mandatory term under 21 U.S.C. § 841(b)(1)(B)(vi). *See id*; *see also* (Docket No. 42). In granting the variance, the Court took into consideration Defendant's early acceptance of responsibility, his showing of remorse, as well as his mental and emotional condition. (*See* Docket No. 56).

On November 19, 2020, while incarcerated at FCI Elkton, in Lisbon, Ohio, Defendant submitted an administrative request for compassionate release to the Warden. (*See* Docket No. 69-1). Defendant sought release from custody due to his medical conditions and the COVID-19 pandemic. *See id.* The Warden denied his request on December 17, 2020. (*See* Docket No. 69-2). On January 14, 2021, Defendant filed the instant motion for compassionate release, attaching his medical records.[1] (Docket No. 69; *see also* Docket No. 73; Docket No. 74). The Government

---

[1] Defendant originally filed a pro se motion for compassionate release on October 27, 2020. (*See* Docket No. 62). After Defendant was appointed counsel, he withdrew his pro se motion. (*See* Docket No. 64; *see also* Docket No. 66). Defendant, through counsel, then filed the instant motion before the Court. (*See* Docket No. 69).

responded in opposition on February 4, 2021. (Docket No. 75). Defendant filed his reply on February 9, 2021. (Docket No. 77). The Government filed its sur-reply on February 16, 2021. (Docket No. 79). The Court considers Defendant's motion to be fully briefed and ripe for disposition.

### III. DISCUSSION

The Court initially turns to the prevailing legal standard.  "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). Pursuant to that provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Burrus,* Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing *United States v. Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, C.J.) and 18 U.S.C. § 3582(c)(1)(A)(i)).

At the outset, the Government does not contest that Defendant has exhausted his administrative remedies by filing an administrative request that was denied by the Warden. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* (Docket No. 75 at 3-4). Instead, the Government contends that Defendant cannot meet (2) and (3). (*See* Docket No. 144 at 4-7). Therefore, it is Defendant's

burden to show: "extraordinary and compelling reasons" justifying a reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the § 3553(a) factors support the requested reduction; and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted). In addition, under the relevant policy statement in the Guidelines, the Court is to consider whether the defendant is a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2).

### A. EXTRAORDINARY AND COMPELLING REASONS

In this Court's estimation, Defendant has not sufficiently demonstrated that the Court should exercise its discretion to grant him compassionate release based on his medical conditions or the general risks posed by the COVID-19 pandemic, including the spread of COVID-19 at the institution where he is housed.

In that regard, Defendant is 37 years old and has documented medical conditions of asthma and depression. (*See* Docket No. 73; Docket No. 74). In his motion, Defendant also claims to have hypertension, i.e. high blood pressure, but as the Government points out, "Defendant['s] medical records do[] not show a diagnosis for hypertension."[2] (*See* Docket No. 75 at 2; *see also* Docket No. 69). As to Defendant's documented medical conditions, he has not submitted any evidence or alleged that his conditions are uncontrolled or has worsened while in prison. *See United States v. Stevenson*, Crim. No. 16-189, Docket No. 292 (W.D. Pa. Jan. 22, 2021). And Defendant's asthma, which he describes as moderate and does not require daily treatment, is able to be maintained through "self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13,

---

[2] Defendant's prison medical records reflect that "[h]e states he has a h[istory] of high blood pressure but this was not found in his records. He has had normal blood pressures readings since arriving here 3/2019." (*See* Docket No. 74 at 1).

4

cmt. 1(A); *see also* (Docket No. 69 at ¶¶ 12, 15; Docket No. 74). Finally, neither Defendant's age of 37 nor his moderate asthma or depression are listed by the CDC as presenting a severe risk of complications from COVID-19. See *United States v. Evans*, 2020 WL 7425248, at *2 (W.D. Pa. Dec. 18, 2020) (citing *United States v. Solomon*, 2020 WL 5231326, at *5 n.5 (W.D. Pa. Sept. 2, 2020)* ("The CDC has stated that individuals with moderate to severe asthma or hypertension 'might be at an increased risk for severe illness from COVID-19.'")); *see also United States v. Williams*, 2020 WL 4934659, at *4-5 (W.D. Pa. Aug. 24, 2020) (denying motion for compassionate release because Defendant's moderate asthma, whether in isolation or in combination with the COVID-19 pandemic, did not warrant release).

To that end, Defendant's medical records reflect that he tested positive for COVID-19 in July 2020. (*See* Docket No. 69 at ¶ 13; *see also* Docket No. 74 at 33). His medical records further reflect that he did not experience any complications from COVID-19 as a result of his medical conditions, and he does not argue otherwise in his motion for relief. *See United States v. Patterson*, Crim. No. 14-263, Docket No. 106 (W.D. Pa. Jan. 12, 2021). As such, in this Court's estimation, Defendant is not entitled to compassionate release because he has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)).

Beyond his medical conditions, Defendant cites the COVID-19 pandemic as justification for his reduction of sentence. (*See* Docket No. 69). The Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). While the Court recognizes there was an outbreak of cases at FCI Elkton, the BOP reports that there are currently no positive cases among the inmate population; 856 inmates have recovered; and 9 deaths have occurred at the facility. *See* https://www.bop.gov/coronavirus/ (last visited 02/24/2021). As this Court has held previously, "[t]he existence of the virus in a prison – even the level of infection at Elkton – is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates." *Williams*, 2020 WL 4934659, at *5 (quoting *United States v. Thornton*, Crim. No. 2:18-167, 2020 WL 4368155, at *4 (W.D. Pa. Jul. 29, 2020)).

### B. SECTION 3553(a) FACTORS

Assuming Defendant had met his burden to show extraordinary and compelling reasons for release, the risks presented by his medical conditions and the COVID-19 pandemic do not outweigh the § 3553(a) factors supporting the 72-month sentence in this case, of which he has served less than half. *See Pawlowski*, 967 F.3d at 330 ("[W]e cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors."). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the

sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B). In this Court's view, Defendant's 72-month sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1).

To that end, Defendant's 72-month sentence accounts for the seriousness of the offense and the gravity of the offense conduct, *see id.* § 3553(a)(2)(A), as Defendant pled guilty to conspiracy to distribute and possession with intent to distribute 40 grams or more of fentanyl and a quantity of acetyl fentanyl. (Docket No. 38). The 72-month sentence represented a variance from the advisory guideline range of 97 to 121 months and accounted for the 60-month mandatory term imprisonment under 21 U.S.C. § 841(b)(1)(B)(vi). (*See* Docket No. 42). Neither party appealed the 72-month sentence, and while Defendant points out that he has completed several educational and rehabilitative programs in prison, that alone does not justify reducing his term of imprisonment to time served. (*See* Docket No. 69-3).

Additionally, the 72-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See Williams*, 2020 WL 4934659, at *7 ("As this Court has repeatedly observed, drug trafficking poses a substantial risk of harm to the community."); *United States v. Brooks*, 2020 WL 2089153, at *3 (W.D. Pa. Apr. 30, 2020) (Conti, J.) ("The threat of distribution of heroin and fentanyl by [Defendant], if released, poses a significant (and perhaps fatal) danger to the community."); *United States v. Atkins*, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs . . . ."); *see also United States v.*

7

*Mendez*, 2020 WL 3263446, at *4 (W.D.N.Y. June 17, 2020) ("Defendant is charged with distributing fentanyl, heroin, and acetyl fentanyl—lethal narcotics that are destroying communities and causing overdose deaths. Although not in and of themselves a crime of violence, the harm being caused by the distribution of these drugs can be more dangerous than some crimes that are categorized as crimes of violence."). Finally, the 72-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence by more than half, as requested by the defense, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

### IV. CONCLUSION

For all of the aforementioned reasons,

IT IS HEREBY ORDERED that Defendant's Motion seeking compassionate release [69] is DENIED.

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> Senior U.S. District Judge

Date:   February 24, 2021

cc/ecf:  All counsel of record.